■ HARLOW E. BLACKBURN, Individually and as Executor of PATSY C. BLACKBURN, Deceased, Appellant, v JAMES J. SHAPIRO PA, INC., Doing Business as SHAPIRO & SHAPIRO, Respondent, et al., Defendant. (Appeal No. 1.) [732 NYS2d 320] —Order unanimously reversed on the law without costs, motion denied and complaint against defendant James J. Shapiro PA, Inc., d/b/a Shapiro & Shapiro, reinstated. Memorandum: Prior to

the death of plaintiff's decedent, Patsy C. Blackburn (Blackburn), plaintiff and Blackburn retained James J. Shapiro PA, Inc., d/b/a Shapiro & Shapiro (defendant), in connection with the medical malpractice claim of Blackburn, who was rendered a paraplegic as the result of complications that occurred during a colonoscopy. Defendant referred the matter to defendant Mark S. Nunn as co-counsel, and Nunn sought the assistance of a medical expert to determine whether plaintiff and Blackburn had a viable medical malpractice claim. Both Nunn and defendant advised plaintiff and Blackburn that they could not pursue a malpractice action on behalf of plaintiff and Blackburn and that, if plaintiff and Blackburn wished to seek the opinion of another attorney, they should do so immediately because there was a limited time in which a medical malpractice action could be commenced. Neither Nunn nor defendant specified when the Statute of Limitations would expire. Plaintiff and Blackburn failed to seek further legal assistance until after the Statute of Limitations had expired.

Plaintiff and Blackburn then commenced the instant action, and Blackburn died during the pendency of this appeal. Plaintiff and Blackburn alleged in the complaint that defendant was negligent, *inter alia,* in failing to conduct an adequate investigation with respect to the viability of their claim and in failing to consult an expert in the proper medical field. Defendant moved to dismiss the complaint against it pursuant to CPLR 3211 (a) (7) and thereafter, in reply to the affirmation in opposition, sought summary judgment dismissing the complaint pursuant to CPLR 3211 (c). Supreme Court erred in treating the motion as one for summary judgment without first providing adequate notice to the parties that it was doing so (*see,* CPLR 3211 [c]; *D'Agostino v Harding,* 217 AD2d 835, 837; *see also, Mihlovan v Grozavu,* 72 NY2d 506, 508; *Glendora v Kofalt,* 224 AD2d 485, 486, *lv dismissed* 88 NY2d 919). In any event, we conclude that defendant was not entitled to summary judgment because it failed to establish its entitlement to judgment as a matter of law (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). Upon our review of the record, we further conclude that the complaint states a cause of action for legal malpractice and thus that defendant is not entitled to dismissal of the complaint pursuant to CPLR 3211 (a) (7). We therefore reverse the order, deny the motion of defendant and reinstate the complaint against it. (Appeal from Order of Supreme Court, Ontario County, Harvey, J.—Summary Judgment.) Present—Green, J. P., Hayes, Scudder and Kehoe, JJ.