■ CITY OF NEW YORK, Respondent, v WELSBACH ELECTRIC CORP., Appellant, et al., Defendant. [817 NYS2d 11]—

Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered March 8, 2005, which denied defendant Welsbach Electric's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, defendant's motion granted and the complaint dismissed as against defendant Welsbach Electric. The Clerk is directed to enter judgment accordingly.

This action for contractual and common-law indemnification, as well as contribution, arises from a 1993 two-car collision at a Queens intersection. Welsbach contracted in 1991 with the City of New York to maintain certain traffic lights in Queens County.

Following the collision, a lawsuit between the two drivers was commenced in 1994, which included Welsbach and the City as defendants, alleging malfunction of the traffic control signal. Welsbach moved for summary judgment in 1997 on two grounds, viz: that it owed no duty to the public in the performance of its maintenance contract with the City, and that it timely and completely performed its contractual obligations to the City. The motion, which was supported by a detailed and unrebutted affidavit of a traffic signal maintenance mechanic employed by Welsbach, was granted on both grounds, a final judgment of dismissal was entered and the City did not appeal. In 2000, the remaining claims were tried and the City was found negligent and responsible for substantial personal injuries sustained by individuals involved in the accident. The jury specifically found that each motorist had a green traffic signal and that neither was negligent. Subsequently the City appealed, named Welsbach a respondent, and sought review of the 1997 grant of summary judgment to Welsbach. In response to a motion by Welsbach, the City executed a stipulation withdrawing its attempted and belated appeal of the 1997 Welsbach judgment of dismissal. The instant action was thereafter commenced in 2003.

The record demonstrates that Welsbach's 1997 summary judgment motion specifically addressed any claims arising from the 1993 collision for which the City now seeks indemnity or contribution, that the City did not attempt to rebut any factual allegations made by Welsbach, and that the IAS court found that Welsbach had no duty to the general public and had properly performed its contractual obligations to the City. The instant action is, accordingly, barred by res judicata, since plaintiff's claims depend on allegations of negligent or otherwise wrongful conduct by Welsbach which have been previously litigated between the parties and resolved in Welsbach's favor (*see Fifty CPW Tenants Corp. v Epstein*, 16 AD3d 292 [2005]; *see also Matter of Hunter*, 4 NY3d 260, 269 [2005]).

Even were we to find significance in the lack of a cross claim by the City against Welsbach in the earlier litigation, the instant action would still be barred by collateral estoppel, since several factual issues essential to the City's current legal claims were resolved against it on Welsbach's 1997 summary judgment motion (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455-456 [1985]). The City was able to litigate Welsbach's contractual compliance and duty at the time of the summary judgment motion, and must now accept the consequences of the result of that motion and the failure to pursue a timely appeal at that time. Concur—Buckley, P.J., Marlow, Sullivan, Catterson and McGuire, JJ.