[878 NE2d 966, 848 NYS2d 551]

CITY OF NEW YORK, Appellant, v WELSBACH ELECTRIC CORP., Respondent, et al., Defendant.

Argued September 6, 2007; decided October 23, 2007

## POINTS OF COUNSEL

*Michael A. Cardozo, Corporation Counsel,* New York City (*Ronald E. Sternberg, Leonard Koerner* and *Joshua Rubin* of counsel), for appellant. The Appellate Division erred in concluding that the complaint is barred by res judicata and collateral estoppel. (*Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220; *Ayala v Kaestner,* 224 AD2d 266; *Pizzaro v City of New York,* 188 AD2d 591; *Francois v New York City,* 161 AD2d 319; *Raquet v Braun,* 90 NY2d 177; *Parada v City of New York,* 283 AD2d 314; *Bay Ridge Air Rights v State of New York,* 44 NY2d 49; *Musco v Conte,* 22 AD2d 121; *Matter of Reilly v Reid,* 45 NY2d 24; *Triboro Fastener & Chem. Prods. Corp. v Lee,* 236 AD2d 603.)

*London Fischer LLP,* New York City (*Bernard London, Daniel Zemann, Jr., Anthony D. Capasso* and *Daniel W. London* of counsel), for respondent. The City of New York's action is barred by res judicata. (*O'Brien v City of Syracuse,* 54 NY2d 353; *Marinelli Assoc. v Helmsley-Noyes Co.,* 265 AD2d 1; *Matter of Reilly v Reid,* 45 NY2d 24; *Fifty CPW Tenants Corp. v Epstein,* 16 AD3d 292; *Zakshevsky v City of New York,* 149 Misc 2d 52; *Rocco v Pension Plan of N.Y. State Teamsters Conference Pension & Retirement Fund,* 5 Misc 3d 1027; *Stevens v New York City Tr. Auth.,* 19 AD3d 583; *Siler v 146 Montague Assoc.,* 228 AD2d 33; *Garrett v Holiday Inns,* 58 NY2d 253; *Galka v City of Albany,* 285 App Div 27.)

JONES, J.

The question before us is whether the Appellate Division erred in concluding that the plaintiff City of New York was barred by the doctrines of res judicata and collateral estoppel from maintaining its action for indemnification or contribution against defendant Welsbach Electric Corporation. We determine that these doctrines do not apply in this case and therefore reverse the Appellate Division's dismissal of the City's complaint.

In 1992, Welsbach contracted with the City to maintain certain traffic signals in Queens County. The contract contained an indemnity clause providing that Welsbach "shall be solely responsible" for any and all liability arising from its maintenance work "and shall hold harmless and indemnify the City from liability upon any and all claims for damages on account of such injuries."

In 1993, a two-car collision occurred at an intersection controlled by a traffic signal maintained by Welsbach. Thereafter, the driver and passenger of one car (the *Angerome* plaintiffs) commenced an action alleging, among other things, negligence by the other driver, John Malin, Welsbach and the City. As against Welsbach and the City, the *Angerome* plaintiffs alleged that their injuries resulted from the negligent repair and maintenance of the traffic control signal—specifically, that a "green-green" signal anomaly caused the accident. Malin cross-claimed against the City and Welsbach, among others. Welsbach, in turn, asserted a cautionary cross claim against the City and the other defendants. Relevant to the question before us, however, the City did not cross-claim against Welsbach.

Eventually, Welsbach moved for summary judgment on two grounds: first, that it owed "no duty in tort to members of the general public" in "perform[ing] its contract with the CITY" and second, that it "timely and completely performed its contractual obligations with the CITY."

Supreme Court granted Welsbach's motion and dismissed the complaint and all cross claims against it, holding that Welsbach did not "owe a duty in tort or contract to members of the general public to perform its duties under its contract" with the City. The City did not appeal from entry of judgment of dismissal against Welsbach. After a jury trial on the remaining claims, the City was found 100% liable for plaintiffs' injuries and a judgment awarding damages was entered against it.

Specifically, the jury found that each motorist had a green signal and that neither was negligent. The jury's awards were subsequently reduced by the Appellate Division (*see Angerome v City of New York*, 300 AD2d 423 [2d Dept 2002]).

Upon satisfaction of the reduced judgment in the *Angerome* action, the City commenced this action against Welsbach for indemnification or contribution, as a matter of contract or common law. The City alleged that Welsbach was negligent in failing to maintain and repair the traffic signal that caused the accident. Welsbach then moved for summary judgment dismissing the complaint on the grounds of res judicata and collateral estoppel.

Supreme Court denied the motion, holding that res judicata was not a bar because, "[w]hile the entire *Angerome* action arose out of a motor vehicle accident, no action or cross claim existed between the City and Welsbach," and thus "no transaction as between these two parties was ever raised" (2005 NY Slip Op 30107[U], *6). Therefore, according to the court, "the City cannot be said to be seeking a second chance to litigate against Welsbach in the present action" (*id.*). Additionally, the court concluded that collateral estoppel did not bar the City's action because the summary judgment order in *Angerome* had not addressed Welsbach's fault or contribution, and because Welsbach's liability was never raised before the jury.

The Appellate Division disagreed and concluded that both res judicata and collateral estoppel barred the City's action because Supreme Court, in deciding the motion for summary judgment, had found that Welsbach owed no duty to the general public and that it had properly performed its contractual obligations to the City. Therefore, the court concluded, allegations of Welsbach's conduct "have been previously litigated between the parties and resolved in Welsbach's favor" (30 AD3d 157, 158 [2006]). Because the Appellate Division fundamentally misconstrued Supreme Court's order and the City's posture vis-à-vis Welsbach, we now reverse.

One linchpin of res judicata is an identity of parties actually litigating successive actions against each other: the doctrine applies only when a claim *between* the parties has been previously "brought to a final conclusion" (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]; *see also Matter of LaRocco v Goord*, 43 AD3d 500, 500 [3d Dept 2007] [res judicata bars a party "from bringing additional actions (against) the

same part(y) on the same claims based upon the same harm"]). Here, the City made no claim against Welsbach in the *Angerome* action.

For similar reasons, the City's action is not barred by collateral estoppel. This doctrine applies only "if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action" (*Parker*, 93 NY2d at 349; *see also Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). The Appellate Division's conclusion—and Welsbach's contention—that the *Angerome* court found, in its grant of summary judgment, that Welsbach "properly performed its contractual obligations to the City" (30 AD3d at 158) is unsupported by the record. Although Welsbach argued the point in its motion for summary judgment, Supreme Court did not base its grant of the motion on this ground; nor could it have because, as that court concluded, "the City raised no cross claims against Welsbach" and, thus, the issue was never "part of" the *Angerome* action (2005 NY Slip Op 30107[U], *5, 6; *see O'Brien v City of Syracuse*, 54 NY2d 353, 358 [1981]; *see also Matter of Reilly v Reid*, 45 NY2d 24, 27 [1978]). Because the summary judgment court granted Welsbach's motion only with respect to a duty to the general public, Welsbach did not participate in any respect in the *Angerome* trial, and no issue regarding Welsbach's liability was presented to the jury. Indeed, we find no record statement that could animate a contrary conclusion. Therefore, Welsbach's claim that it fully performed its contractual obligation was not decided in, or material to, the first action, and the City's claim in this regard should proceed.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the order of Supreme Court reinstated.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur.

Order reversed, etc.