12-4031-cv
*McGuinn v. Smith*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand thirteen.

PRESENT:

GUIDO CALABRESI,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,

*Circuit Judges.*

_____

WILLIAM MCGUINN, LISA MCGUINN,

*Plaintiffs-Appellants,*

-v.-                                                      No. 12-4031-cv

MICHAEL SMITH, JUDITH BEVILLE, CHRISTINE PETRILLO, DEBORAH SICURANZO,

*Defendants-Appellees.*

_____

CLIFFORD J. BOND, The Sarcone Law Firm, PLLC, White Plains, NY, *for Plaintiffs-Appellants.*

MONTGOMERY L. EFFINGER, O'Connor, McGuinness, Conte, Doyle, Oleson, Watson & Loftus, LLP, White Plains, NY, *for Defendants-Appellees.*

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the order of the district court is **VACATED** and the case **REMANDED** for further proceedings.

Plaintiffs-Appellants William and Lisa McGuinn ("the McGuinns") appeal from a September 7, 2012 judgment of the United States District Court for the Southern District of New York (Seibel, *J.*), granting Defendants-Appellees' motion to dismiss for failure to state a claim. We assume the parties' familiarity with the underlying facts and procedural history of the case.

The district court based its dismissal of the McGuinns' complaint on two conclusions. First, the court concluded that the McGuinns' First Amendment retaliation and equal protection claims brought under 42 U.S.C. § 1983, insofar as they arose from events occurring before June 10, 2010, were precluded by an Article 78 proceeding that William McGuinn had initiated in New York state court on that date. *See* N.Y. C.P.L.R. § 7801 *et seq.* Second, the court concluded that the same claims, insofar as they arose from events occurring after June 10, 2010, failed to state a claim upon which relief could be granted. The McGuinns contest both findings on appeal. Because we conclude that William McGuinn's previous Article 78 proceeding does not preclude any of the issues in the McGuinns' federal complaint, we vacate the district court's judgment.

Under 28 U.S.C. § 1738, we give state court judgments the preclusive effect the courts of that state would give them. *See Allen v. McCurry*, 449 U.S. 90, 105 (1980) (applying collateral estoppel from a state court judgment to a federal § 1983 claim). Under New York law, issue preclusion will apply "if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action." *City of New York v. Welsbach Elec. Corp.*, 878 N.E.2d 966, 968 (N.Y. 2007) (internal quotation marks omitted). It must be "quite clear" that these

elements have been met, "lest a party be precluded from obtaining at least one full hearing on his or her claim." *McKithen v. Brown*, 481 F.3d 89, 105 (2d Cir. 2007) (italics omitted) (internal quotation marks omitted). Moreover, the burden of showing that an issue was raised and necessarily decided in a prior proceeding "rests squarely on the party moving for preclusion." *Cobb v. Pozzi*, 363 F.3d 89, 113 (2d Cir. 2004) (internal quotation marks omitted).

As we have previously observed, issue preclusion may bar consideration in § 1983 cases of an issue that was previously decided in Article 78 proceedings, provided that the plaintiff raised the issue and the issue was "actually and necessarily" decided by the state court. *Vargas v. City of New York*, 377 F.3d 200, 205–06 (2d Cir. 2004). In *Vargas*, for example, we held that a plaintiff's federal claim of racial discrimination by his employer was *not* precluded by a state court's prior determination that the employer's decision to terminate the plaintiff was supported by substantial evidence.[1] *Id.* at 207–08. We reached this result because the plaintiff had not raised the issue of racial discrimination before the state court; consequently, the state court's determination that substantial evidence supported the termination decision in no way constituted a decision on the merits of plaintiffs' allegations of racial discrimination, nor was such a decision necessary to the state court's conclusion. *Id.* at 208; *see also Latino Officers Ass'n v. City of New York*, 253 F. Supp. 2d 771, 784–88 (S.D.N.Y. 2003) (holding, in federal case involving claims of racial discrimination and First Amendment retaliation, that previous findings by state courts that defendant employer's

---

[1]The precise issue in *Vargas* was whether the district court lacked jurisdiction to hear the plaintiff's claim under the *Rooker-Feldman* doctrine. *Id.* at 203. This aspect of the decision was abrogated by *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), which clarified the *Rooker-Feldman* doctrine's limited scope. Still, because *Vargas*'s *Rooker-Feldman* analysis depended on the conclusion that there was no issue preclusion under New York state law, its reasoning applies to this case.

decisions were supported by substantial evidence precluded only the claims of plaintiffs who had raised similar arguments before the state courts).

We conclude that a similar analysis pertains in this case. Granted, William McGuinn's Article 78 petition alleges facts akin to those contained in the McGuinns' federal complaint. But unlike the plaintiffs in *Vargas* or *Latino Officers*, William McGuinn did not claim in his Article 78 petition that Defendants-Appellees' actions were either arbitrary or capricious or unsupported by substantial evidence. Rather, his petition alleged only that Defendants-Appellees' decision to investigate him exceeded the jurisdiction of the school board. Consequently, in rejecting William McGuinn's claim that Defendants-Appellees acted outside their jurisdiction in authorizing the investigation, the state court did not decide nor did it need to decide whether Appellees had retaliated against William McGuinn for the exercise of his First Amendment rights or otherwise violated his equal protection rights. We therefore conclude that Defendants-Appellees have not met their burden of clearly showing that the relevant issues raised in the McGuinns' federal complaint—whether Defendants-Appellees unlawfully retaliated against William McGuinn for the exercise of his First Amendment rights or violated his equal protection rights—were necessarily decided in William McGuinn's Article 78 proceeding.

That the state court appeared to independently reach the question of whether Defendants-Appellees acted arbitrarily or capriciously does not change our analysis. It is by no means clear that the state court intended to include as part of its final holding a finding that Defendants-Appellees' actions were not arbitrary or capricious. Indeed, in its opinion the court identified the issue before it as "a straight-forward, legal one" of "whether the Board acted in access [sic] of its jurisdiction." As explained above, we will not give a previous judgment preclusive effect unless the elements of

4

preclusion have clearly been met, and it is Defendants-Appellees' burden to prove that the previous issue was necessarily decided in the first proceeding. We do not think this burden has been met here.

Since we conclude that the Article 78 proceeding in no way precludes the McGuinns from proceeding with the adjudication of their allegations of retaliation against William McGuinn for the exercise of his First Amendment rights and violation of his equal protection rights, we need not address the district court's determination (based on its earlier conclusion that litigation of the McGuinns' allegations as to events occurring before the June 10, 2010 filing of the Article 78 proceeding was precluded) that their allegations as to events subsequent to June 10, 2010, standing alone, failed to state a claim.

We have reviewed Defendants-Appellees' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **VACATED**, and the case **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5