■ THOMAS H. WILLIAMS, Appellant, v PHILIPS MEDICAL SYSTEMS (CLEVELAND), INC., a Division of PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, et al., Respondents. (Appeal No. 1.) [58 NYS3d 839]—

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered March 21, 2016. The order, inter alia, dismissed the complaint upon the motion of defendants.

It is hereby ordered that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced this qui tam action, on behalf of himself and the State of New York, pursuant to the New York False Claims Act ([FCA] State Finance Law § 187 *et seq.*), asserting various causes of action against defendants Philips Medical Systems (Cleveland), Inc., a Division of Philips Electronics North America Corporation, Philips Medical Systems MR, Inc., Philips Electronics North American Corporation, Philips Electronics North America Foundation (collectively, Philips defendants), and CF Medical, Inc. (CF Medical). Plaintiff is a former sales representative for CF Medical, which sold medical equipment manufactured by the Philips defendants. Plaintiff alleged that defendants committed various improprieties in connection with, inter alia, the purported sales of medical equipment to two hospitals. Plaintiff asserted causes of action under the FCA (*see* State Finance Law §§ 189 [1] [a], [b], [g]; 191) and the Martin Act (General Business Law §§ 339-b, 352, 352-c, 353), and for repeated fraud and illegality in conducting business (Executive Law § 63 [12]), fraud, and unjust enrichment. The Attorney General declined to intervene

in the action, but reserved his right to do so for good cause (*see* State Finance Law § 190 [2] [b], [f]).

In appeal No. 1, plaintiff appeals from an order dismissing the complaint in its entirety upon defendants' motion pursuant to CPLR 3211 (a), which was converted by Supreme Court pursuant to CPLR 3211 (c) to a motion for summary judgment. In appeal No. 2, plaintiff appeals from an order that appointed a referee to determine reasonable attorneys' fees.

With respect to appeal No. 1, we reject plaintiff's contention that the court erred in determining that he was collaterally estopped from alleging that he was improperly classified as an independent contractor, rather than as an employee. In support of their motion, defendants submitted a copy of the decision in an age discrimination action that plaintiff brought against CF Medical in federal court, in which the federal court determined that plaintiff was an independent contractor, and not an employee. Inasmuch as the issue whether plaintiff was improperly classified as an independent contractor is " 'identical to an issue which was raised [in the federal action], necessarily decided and material in the [federal] action, and the plaintiff had a full and fair opportunity to litigate the issue in the [federal] action' " (*City of New York v Welsbach Elec. Corp.*, 9 NY3d 124, 128 [2007]), we conclude that the court properly granted that part of the motion seeking dismissal of the 6th, 7th, 8th and 12th causes of action, which were based upon allegations that sales representatives were employees of CF Medical, and not independent contractors.

Plaintiff's contention that his allegations of inappropriate sales revenue recognition relate to his 6th, 7th, 8th and 12th causes of action is raised for the first time on appeal and, thus, is unpreserved for our review (*see Ingutti v Rochester Gen. Hosp.*, 145 AD3d 1423, 1425 [2016]; *Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). We agree with defendants that the allegations of inappropriate sales revenue recognition can only pertain to the other causes of action in the complaint. Indeed, the facts alleged in the complaint relating to inappropriate sales revenue recognition are inadequate to support the 6th, 7th, 8th and 12th causes of action, all of which are based upon allegations that defendants filed false claims with the State. A " '[c]laim,' " under the relevant statute, is "any request or demand . . . for money or property" that is presented to an officer, employee, or agent of the State or a local government (State Finance Law § 188 [1] [a]). The complaint fails to allege any filing of a "claim," monetary or otherwise, with the State with respect to the inappropriate sales revenue recognition.

The complaint also fails to allege that any other claim was filed with the State wherein a false representation was made regarding falsely *inflated* revenue.

We do not disturb that part of the order dismissing the 9th and 10th causes of action, alleging unjust enrichment and fraud, inasmuch as plaintiff correctly concedes that they are barred by the statute of limitations. We also do not disturb that part of the order dismissing the 1st, 2nd, 3rd and 11th causes of action, alleging violations of the Martin Act (*see* General Business Law §§ 339-b, 352, 352-c, 353), and the fifth cause of action, under Executive Law § 63 (12). Plaintiff correctly concedes that he lacks standing to pursue them personally, and we conclude that he also lacks standing to pursue them as a relator. It is well established that " '[t]he Attorney General bears sole responsibility for implementing and enforcing the Martin Act' " (*Kerusa Co. LLC v W10Z/515 Real Estate Ltd. Partnership*, 12 NY3d 236, 244 [2009]), and neither the General Business Law nor the Executive Law provide for a relator to represent the interests of the state in a qui tam action (*cf.* State Finance Law § 190 [2]).

We therefore affirm the order in appeal No. 1, and we likewise affirm the order in appeal No. 2.

All concur except Smith and Scudder, JJ., who dissent in part and vote to modify in accordance with the following memorandum.

Smith and Scudder, JJ. (dissenting). We respectfully disagree with the majority's conclusion in appeal No. 1 that Supreme Court properly dismissed the sixth, seventh and eighth causes of action related to plaintiff's claim that defendants violated State Finance Law § 189 (1) (a), (b), and (g) insofar as those causes of action allege that defendants made a false record or fraudulent claim related to inappropriate sales revenue recognition, and the 12th cause of action, alleging retaliation in violation of State Finance Law § 191. We therefore dissent in part in appeal No. 1.

As the majority explains, defendants made a pre-answer motion to dismiss the complaint pursuant to CPLR 3211, which the court converted to a summary judgment motion pursuant to CPLR 3211 (c). We respectfully disagree with the majority's conclusion that plaintiff's claims related to inappropriate sales revenue are raised for the first time on appeal and thus are not preserved for our review. We also disagree with the majority that the complaint fails to allege those claims in the sixth, seventh and eighth causes of action. Those causes of action allege violations of State Finance Law § 189 (1) (a), (b), and (g),

respectively, and specifically incorporate paragraphs, inter alia, 1 through 36, which address plaintiff's allegations regarding inappropriate sales revenue recognition.

Instead, we conclude that defendants failed to meet their initial burden of establishing their entitlement to judgment as a matter of law with respect to those claims (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Blackburn v James J. Shapiro PA, Inc.*, 288 AD2d 870, 871 [2001]). Indeed, the attorney's affirmation submitted in support of the motion does not address those claims and none of the supporting documentation is in admissible form (*see* CPLR 3212 [b]; *Zuckerman*, 49 NY2d at 562). Although defendants also failed to meet their burden with respect to the 1st, 2nd, 3rd, 5th, 9th, 10th and 11th causes of action, we agree with the majority that those parts of the order dismissing those causes of action should not be disturbed. We would therefore modify the order in appeal No. 1 by reinstating the claims of inappropriate revenue recognition in the 6th, 7th and 8th causes of action and the 12th cause of action alleging retaliation. We dissent in appeal No. 2, because we would therefore also reverse the order in appeal No. 2 appointing a referee to determine reasonable attorneys' fees. Present—Whalen, P.J., Smith, Carni, Curran and Scudder, JJ.