Estate of Chung Li v Lee (2024 NY Slip Op 06423)

Estate of Chung Li v Lee

2024 NY Slip Op 06423

Decided on December 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2024

Before: Kapnick, J.P., Scarpulla, Mendez, O'Neill Levy, Michael, JJ. 

Index No. 650891/22 Appeal No. 3291 Case No. 2024-02858 

[*1]The Estate of Chung Li, Plaintiff-Respondent,
v
Dennis Lee et al, Defendants, The Estate of Nancy Lee Luk et al., Defendants-Appellants.

Heller Horowitz & Feit, P.C., New York (Eli Feit of counsel), for appellants.
Riley Safer Holmes & Cancila LLP, New York (Geoffrey G. Young of counsel), for respondent.

Order, Supreme Court, New York County (James E. d'Auguste, J.), entered April 25, 2024, which, inter alia, denied the motion of defendants The Estate of Nancy Lee Luk, Lee Tai Enterprises U.S.A., and 238-240 7th Ave. Corp. to dismiss the complaint, unanimously affirmed, without costs.
The court properly determined that the six-year statute of limitations is applicable to this action, as the complaint expressly seeks a declaration that the estate of Chung Li is the owner of some or all of the shares of the family corporations at issue, and the amount of shares it owns (Matter of Chung Li, 165 AD3d 1105 [2d Dept 2018], lv denied 32 NY3d 915 [2019]). In a separate SCPA 2103 proceeding,the Appellate Division, Second Department upheld the March 3, 2016 Queens County Surrogate's finding that the estate of Chung Li had an ownership interest in the family corporations, sufficient to require defendant Chun Ka Luk, as administrator of the estate of Nancy Lee Luk, to turn over records and property connected to the corporations. While the fact of the estate of Chung Li's ownership of at least some of the shares of the family corporations was resolved in the Surrogate Court proceeding, the percentage of such ownership interest was not resolved.
Thus, plaintiff's declaratory judgment claims in this action accrued on March 3, 2016, when Surrogate's Court, Queens County, first determined that the estate of Chung Li was entitled to some, if not all, of the shares of the family corporations, and that Nancy Lee Luk's assertion that her parents gave her sole ownership of the corporations was unfounded.
The June 25, 2007 accrual date urged by appellants does not apply to the declaratory judgment claims here as a new justiciable controversy was created by the March 3, 2016 order confirming, but not quantifying, the estate of Chung Li's interest in the family corporations. Accordingly, this action is timely. Moreover, appellants failed to sustain their burden of showing that the action was untimely in that the complaint here does not allege claims against Nancy for conversion and/or replevin, which would have a three-year statute of limitations. 
Res judicata does not bar these claims because there was no identity of parties in the earlier litigation and no final judgment concerning Li's interest in the companies in that litigation (see City of New York v Welsbach Elec. Corp., 9 NY3d 124, 127-128 [2007]). Collateral estoppel is similarly inapplicable because there was no identity of issues that was finally decided in the prior actions (see Buechel v Bain, 97 NY2d 295,
303-304 [2001], cert denied 535 US 1096 [2002]).
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2024