## Conklin Ave Mgt. Corp. v Federal Natl. Mtge. Assn.

2025 NY Slip Op 32403(U)

July 7, 2025

Supreme Court, Kings County

Docket Number: Index No. 515653/2018

Judge: Richard J. Montelione

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At Part 99 of the Kings County
Supreme Court of the State of New
York, located at 360 Adams Street,
Brooklyn, NY 11201 on the
7th day of July 2025.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: PART 99

----------------------------------------------------------------X

CONKLIN AVE MANAGEMENT CORP.,

**DECISION and ORDER**

Plaintiff,

-against-

Index No.: 515653/2018
Mot. Seq. Nos.: 2 & 3

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
RUPERT B. FORBES A/K/A RUPERT FORBES,
RG EAST 93 LLC C/O GAVRIEL BADALOV,

Defendants.

----------------------------------------------------------------X

After oral argument, the following papers were read on this motion pursuant to CPLR 2219(a):

| Papers | Numbered |
|---|---|
| | |
| Notice of Motion (Seq. No. 2)/Affirmation/Exhibits………………….. | 39-61 |
| Answering Affirmation/Exhibits…………………………………………. | 64-68 |
| April 10, 2025 Order……………………………………………………… | 69 |
| Notice of Motion (Seq. No. 3)/Affirmation/Exhibits | 70-71 |
| Answering Affirmation/Exhibits | 82-86 |
| *Federal National Mortgage Association v. Forbes, et al.*, Sup Ct, Kings County, Index No. 7153/2013: <br> - Judgment of Foreclosure and Sale of Block: 8180, Lot: 47 and 147 [Feb. 9, 2017 (Partnow, J.)]; <br> - Order Denying Conklin Ave's OSC to Intervene [Mar. 20, 2018 (Partnow, J.)]; <br> - Order Reforming the Legal Description of the Subject Mortgage *Nunc Pro Tunc* [Apr. 26, 2018 (Partnow, J.)]; and, <br> - Decision and Order [July 25, 2022 (Partnow, J.)] | |

The plaintiff Conklin Ave Management Corp. (Conklin Ave) commenced this action by filing a summons and complaint on August 1, 2018, pursuant to RPAPL Article 15, to compel the determination of a claim to real property, to quiet title, for declaratory judgment, injunctive and equitable relief, and for compensatory damages. Plaintiff alleges that it purchased real property from Defendant Rupert B. Forbes (Forbes) by Deed dated March 5, 2014, (filed on

[*1]

*Conklin Ave Management Corp. v Federal National Mortgage Association, et al.* Index No. 515653/2018

ACRIS on March 14, 2014 under CRFN #2014000089079). The property is described as 73 Conklin Avenue, Brooklyn, New York a/k/a Block 8180, Lot 147. Plaintiff alleges that at the time Plaintiff purchased the property, there was no mortgage lien filed against the Property, but does not indicate in the complaint whether plaintiff paid for the property in cash, or whether money was borrowed to purchase the property, and if so, the origin of any funds used to purchase the property. Plaintiff alleges that Forbes also owned a property located at 1120 East 93rd Street a/k/a Block 8180, Lot 47 ("Lot 47") which is adjacent to plaintiff's property. Lot 47 did have a filed mortgage encumbering it which was dated June 4, 2007 and filed on July 10, 2007 with the assigned CRFN #2007000351292. The mortgage on Lot 47 was filed by Suntrust Mortgage, Inc., in the amount of $456,000.00, that later assigned it to Defendant Fannie Mae, on or about March 12, 2011, which was the real property subject to a prior foreclosure action. The court notes there were actually two mortgages on the same legally described property filed by Suntrust Mortgage, Inc. The first mortgage was in the amount of $456,000.00 (NYSCEF #4, Loan No. 0205421787) presumably for construction because there is a Residential Construction Rider attached to the mortgage, and the second was a conventional mortgage in the amount of $366,000.00 (NYSCEF #46).

Issue was joined only by Defendant Federal National Mortgage Association ("FNMA" or "Fannie Mae") on January 14, 2019, with filing of its answer (NYSCEF 13). Defendant Fannie Mae asserts as an affirmative defense:

> 1...that on or about June 4, 2007, Suntrust Mortgage, Inc. ("Suntrust") extended a loan to Rupert Forbes ("Forbes") in the original principal balance of $366,000.00 (the "FNMA Loan") and secured by a mortgage ("FNMA Mortgage") on the real estate commonly known as 1120 East 93rd Street, Brooklyn, New York 11236 (the "FNMA Property").
>
> 2. The FNMA Mortgage was recorded on July 10, 2007 with the Office of the City Register of the City of New York as Document No. 2007000351299.
>
> 3. On information and belief, Forbes was also the owner of the property adjacent to the FNMA Property commonly known as 73 Conklin Avenue, Brooklyn, New York ("Adjacent Property").
>
> 4. On information and belief, the FNMA Property and Adjacent Property were joined under the same parcel and legal description and the legal description for the FNMA Mortgage included the Adjacent Property."

Defendant RG East 93 LLC was served through the Secretary of State on November 21, 2018 and the affidavit of service was filed on December 5, 2018. Defendant RG East 93 LLC defaulted in answering. However, no proceedings were ever commenced to enter a default

[*2]

*Conklin Ave Management Corp. v Federal National Mortgage Association, et al.* Index No. 515653/2018

judgment against RG East 93rd. Subsequently, on January 14, 2024, defendant RG East 93 filed a Notice of Motion seeking, inter alia, to vacate its default in answering and to dismiss plaintiff's complaint (MS# 2). Although plaintiff filed opposition papers, plaintiff defaulted in appearing for oral argument on the motion on April 10, 2024. As a direct result of plaintiff's default, defendant RG East 93rd's motion to vacate its default and to dismiss (MS# 2) was granted. (Order dated April 10, 2024 NYSCEF Doc. No. 69). The plaintiff now moves to vacate its default and for the court to hear the defendant RG East 93rd's motion (MS#2) on the merits.

Plaintiff's MS# 3 has met the first prong of its CPLR 5015(a) application and this court finds excusable default on the part of plaintiff's counsel. That portion of plaintiff's MS# 3 to vacate its default in appearing and arguing against defendant RG East 93rd's motion is granted; the court's order dated April 10, 2024 is vacated and MS# 2 is restored. The failure of the plaintiff to ever take any proceedings to enter judgment against Defendant RG East 93rd pursuant to CPLR 3215, "shall" result in dismissal. Although defendant RG East 93rd seeks in MS# 2 to vacate its default, and plaintiff opposes, at this point plaintiff lost its right for default judgment under CPLR 3215 and the action against defendant RG East 93rd would generally be dismissed. However, given the particular procedural posture, the court grants the CPLR 5015(a) application in the interest of justice as no party is prejudiced and the court will consider defendant RG East 93rd's motion to dismiss.

The issue of whether plaintiff has a meritorious cause of action, or whether RG East 93rd is entitled to a CPLR 3211(a)(7) and (a)(8) dismissal is analyzed below.

The instant action is related to Kings County action, *Federal National Mortgage Association v. Forbes, et al.*, 7153/2013 (7153/2013), wherein Justice Mark Partnow previously established the rights to the same parcel of land at issue herein, namely 1120 E. 93rd Street, Brooklyn, NY, Block: 8180, Lots: 47 and 147 with a judgment of foreclosure (NYSCEF #5).

In deciding whether plaintiff has a meritorious cause of action or whether defendant RG East 93rd's CPLR 3211(a)(7) and 3211(a)(8) motion should be granted, the court takes judicial notice of Kings County action, *Federal National Mortgage Association v. Forbes, et al.*, Index No. 7153/2013, (a non e-filed action), and within that action, the following orders:

a. Judgment of Foreclosure and Sale of Block: 8180, Lot: 47 and 147, entered on February 9, 2017 (Partnow, J.) (Foreclosure Judgment);

b. March 20, 2018, Order Denying Conklin Ave's OSC to Intervene (Partnow, J.) (Intervention OSC);

c. April 26, 2018, Order Reforming the Legal Description of the Subject Mortgage *Nunc Pro Tunc* (Partnow, J.); and

d. Decision and Order entered on July 25, 2022 (Partnow, J.).

[*3]

*Conklin Ave Management Corp. v Federal National Mortgage Association, et al.* Index No. 515653/2018

The Foreclosure Judgment was granted under Index No. 7153/2013 upon, inter alia, a review of the report of Aaron D. Maslow, Esq., issued upon an Order of Reference for him to compute the amount due the plaintiff therein, Federal National Mortgage Association. Justice Partnow ratified and confirmed the report, and directed that the property be sold at auction.

Plaintiff Conklin Ave, in the prior foreclosure action under Index No. 7153/2013 moved by order to show cause to intervene. The order to show cause was "denied in its entirety as it failed to annex proposed pleadings." A review of the Docket Sheet under Index No. 7153/2013 fails to show that Conklin Ave filed a notice of appeal in connection with the denial of its OSC or make a subsequent motion by Order to Show Cause to renew therein with proposed pleadings. Such pleadings are required. *Mohawk Maintenance Co. v Drake,* 29 AD2d 689, 287 NYS2d 124, 57 Lab Cas P 51827 [2d Dept 1968].

On April 26, 2018, in 7153/2013, Justice Partnow issued an order reforming the legal description of the Mortgage *nunc pro tunc*. Justice Partnow "Ordered, Adjudged and Decreed, that the mortgage which is the subject of this action is hereby reformed to match the legal description annexed and attached to this order as 'Exhibit A,'." Justice Partnow further "Ordered, Adjudged and Decreed, that the legal description contained in the Judgment of Foreclosure and Sale entered in the instant action on February 9, 2017, is hereby reformed to match the legal description annexed and attached to this order as 'Exhibit A'." Exhibit A thereto is the "Advantage Foreclosure Services, Inc., Title No. FCL-70622-11 (File No. STMI-98391) Schedule A Description, Block 8180 and Lots 47 & 147 ... Premises know as 1120 East 93rd Street a/k/a 73 Conklin Avenue, Brooklyn, New York."

Lastly, Justice Partnow's July 25, 2022, Decision and Order indicates that on May 18, 2017, a foreclosure auction was held. A referee's deed was issued that had a legal description which included both Lots 47 and 147. The defendant RG East 93rd was the winning bidder at the auction.

"Two requirements must be met before collateral estoppel can be invoked. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and there must have been a full and fair opportunity to contest the decision now said to be controlling." (*See Gilberg v Barbieri,* 53 NY2d 285, 291 [1981]). "The party to be precluded from relitigating the issue bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination." (*Buechel v Bain,* 97 N.Y.2d 295, 303–04 [2001]. *See also Camperlengo v Barell,* 78 NY2d 674, 680 [1991] [the elements of collateral estoppel require there be an " 'identity of the issue[s]' necessarily decided in the prior action or proceeding and 'a full and fair opportunity' to contest the decision now said to be controlling"]).

Block 8180, Lots 47 and 147, were foreclosed upon pursuant to the Foreclosure Judgment in the 7153/2013 action. Thereafter the real property, both lots, were auctioned and sold to defendant RG East 93rd. A referee's deed was issued having a legal description of the property as Block 8080 and both Lots 47 and 147. Plaintiff attempted to intervene in the matter under Index No. 7153/2013, but its motion was denied solely because plaintiff failed to annex

[*4]

*Conklin Ave Management Corp. v Federal National Mortgage Association, et al.* Index No. 515653/2018

proposed pleadings. Plaintiff never moved to renew and it appears no appeal was taken of this decision and order notwithstanding that Justice Partnow addressed, by his orders, whether a mortgage that was in foreclosure included both Lots 47 and 147, or just Lot 47[1]. Because plaintiff was on notice of the issues before the court in the matter under Index No. 7153/2013, and moved to intervene but failed to attach the pleadings, and further failed to renew with proposed pleadings or to appeal Justice Partnow's decision and order, plaintiff cannot argue that it did not have a "fair opportunity to litigate the issue" and therefore fails to meet its burden. On the contrary, plaintiff had a fair opportunity and failed to litigate the issue by providing the court with necessary pleadings or otherwise taking any further steps to intervene. *See Athena Hopkins, etc., appellant, v James J. Terwilliger, respondent (and a third-Party action).(Action No. 1) Kenneth Hopkins, appellant,*, 2025 NY Slip Op 04002, 2025 WL 1813116 [2d Dept July 2, 2025], *Athena Hopkins, etc., appellant, v James J. Terwilliger, respondent (and a third-Party action).(Action No. 1) Kenneth Hopkins, appellant,*, 2025 NY Slip Op 04002, 2025 WL 1813116, at *2 [2d Dept July 2, 2025]. *See also Caminero v Michael Flynn, Esq., PLLC,* 2025 NY Slip Op 03701, 2025 WL 1699693, at *1 [2d Dept June 18, 2025]:

> " 'This doctrine applies only if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the ... party to be bound had a full and fair opportunity to litigate the issue in the earlier action' " (*Matter of Maione v. Zucker,* 210 A.D.3d at 777, 178 N.Y.S.3d 142 [alteration and internal quotation marks omitted], quoting *City of New York v. Welsbach Elec. Corp.,* 9 N.Y.3d 124, 128, 848 N.Y.S.2d 551, 878 N.E.2d 966).

The issue of whether Lots 47 and 147 was within the legal description of the real properly foreclosed upon was necessarily decided in the matter under Index No. 7153/2013 and plaintiff is bound by the Judgment of Foreclosure.

**Based on the foregoing, it is**

**ORDERED,** that plaintiff Conklin Ave Management Corp.'s motion (MS#3) is **GRANTED TO THE EXTENT** that its default to appear on April 10, 2024 is vacated and defendant RG East 93 LLC's motion to vacate its default and dismiss the complaint (MS#2) is restored and considered; and it is further

**ORDERED,** that defendant RG East 93 LLC's motion to vacate its default and dismiss the complaint is **GRANTED** and the complaint is **DISMISSED** (MS#2) as the issue of quieting title to Tax Map Identification Lots 47 and 147 of Block 8180 was necessarily decided in a prior action, which decision is determinative in the present action, and plaintiff Conklin Ave

---

[1] It appears that after the mortgages were filed Lot 47 was split into Lots 47 and 147, but this did not change the encumbrances of the mortgages as the logical consequence of the Judgment of Foreclosure.

[*5]

*Conklin Ave Management Corp. v Federal National Mortgage Association, et al.* Index No. 515653/2018

Management Corp. did not meet its burden of demonstrating the absence of a full and fair opportunity to contest the prior determination; and it is further

**ORDERED**, that any other relief requested is **DENIED**.

This constitutes the decision and order of the Court.

Dated:

JUL 0 7 2025

Hon. Richard J. Montelione

[* 6]