Berardini v Blossom Nails Too Corp. (2025 NY Slip Op 04867)

Berardini v Blossom Nails Too Corp.

2025 NY Slip Op 04867

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2023-04431
 (Index No. 448/21)

[*1]Ferdinando Berardini, appellant, 
v
Blossom Nails Too Corporation, respondent. Kenneth Rosellini, Brooklyn, NY, for appellant.

Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mechanic's lien, the plaintiff appeals from an order of the Supreme Court, Orange County (David J. Squirrell, J.), dated March 28, 2023. The order granted the defendant's motion, in effect, for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion, in effect, for summary judgment dismissing the complaint is denied.
In January 2021, the plaintiff commenced this action against the defendant to foreclose a mechanic's lien for the value of certain construction work he alleged he performed to improve certain real estate owned by the defendant (hereinafter the property). After issue was joined, the defendant moved for summary judgment dismissing the complaint. The defendant argued, among other things, that the action was barred by the doctrines of res judicata or collateral estoppel based on a prior action between the parties that resulted in an order dated December 18, 2018, and a so-ordered stipulation of settlement. The plaintiff opposed the motion. In an order dated March 28, 2023 (hereinafter the March 2023 order), the Supreme Court granted the motion on res judicata grounds. The plaintiff appeals.
As the defendant correctly concedes on appeal, the doctrine of res judicata does not bar the plaintiff's causes of action herein (see City of New York v Welsbach Elec. Corp., 9 NY3d 124, 127-128; Rosa v Doe, 214 AD3d 1018, 1019; Matter of Asch, 164 AD3d 787, 789).
Contrary to the defendant's contention, the doctrine of collateral estoppel does not bar the plaintiff's causes of action. "Under the doctrine of collateral estoppel, or issue preclusion, a party is precluded 'from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same'" (Villaver v Paglinawan, 230 AD3d 533, 535, quoting Ryan v New York Tel. Co., 62 NY2d 494, 500). "'This doctrine applies only if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action'" (id., 230 AD3d at 535 [internal quotation marks omitted], quoting City of New York v Welsbach Elec. Corp., 9 NY3d 124, 128). "'The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate'" (id., quoting Matter of Dunn, 24 NY3d 699, 704). [*2]Here, the defendant failed to establish the elements necessary for the doctrine of collateral estoppel to apply (see Kaufman v Eli Lilly & Co., 65 NY2d 449, 456-457; Commissioner of the N.Y. State Dept. of Transp. v Polite, 236 AD3d 82, 118 n 12). Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint.
Moreover, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint on the merits (see Park E. Constr. Corp. v Uliano, 233 AD3d 888, 889; Waldorf v Waldorf, 222 AD3d 807, 808). The plaintiff's verified statements in the complaint raised a triable issue of fact as to whether the parties entered into a separate contract for the improvement of the property (see CPLR 105[u]; Sanchez v National R.R. Passenger Corp., 21 NY3d 890, 891; Roos v King Constr., 179 AD3d 857, 859) and whether the defendant requested or consented to the alleged improvements (see Ferrara v Peaches Café LLC, 32 NY3d 348, 357).
The defendant's remaining contention is improperly raised for the first time on appeal.
DUFFY, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court