VIVIAN MOULTON, Plaintiff, *v.* UTICA MUTUAL INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, Cayuga County, January 21, 1948.

*Philip L. Zenner* for plaintiff.

*James M. Ryan* for defendant.

WHEELER, J. Plaintiff has obtained and filed a judgment of the Supreme Court in her favor against one Joseph Copolo in the amount of $4,073.75. The action was for negligence arising out of the operation of an automobile and was taken by default upon the refusal of this defendant to defend its

alleged insured. Plaintiff now sues this defendant under authority of section 167 of the Insurance Law, alleging that Copolo, adjudged liable in the previous action, was insured against such liability by the Utica Mutual Insurance Company.

One of the defenses alleged by the defendant is that plaintiff has given a general release in this same matter to Joseph Copolo and Peter Caprilla, a joint tort-feasor. Plaintiff now moves to strike out the defense of release.

It is urged by the plaintiff that the sole issue to be determined upon this action is whether or not the alleged insured was in fact insured, and that any other defense was waived by the defendant when it refused to defend the action against Joseph Copolo. Though there is obvious merit to plaintiff's argument that an injured party should not be required to prove his case time and again in order to recover, section 167 of the Insurance Law in no way limits the issues upon an action brought pursuant to that section. True, certain limitations have been imposed by judicial interpretation, i.e., that the cause of action is no greater nor less than that of the insured who sues for indemnification, and that the issues of negligence are not to be relitigated. But no court has gone so far as to say that the only issue in an action of this sort is whether or not there was a contract of insurance. The cases cited by plaintiff do not support her contention.

It is established, however, that any defense which would be valid as against the insured is available to the insurer in an action by the injured party brought pursuant to section 167 of the Insurance Law. (*Fox* v. *Employers' Liability Assur. Corp.*, 243 App. Div. 325, affd. 267 N. Y. 609, and cases cited therein.) The defendant, apparently assuming that the defense of release to a joint tort-feasor would have been available to the insurer in an action by the insured, argues that this same release may be pleaded in bar of this action by the injured party.

Here, the motion was argued by both parties as though the defendant had unambiguously alleged a release by the plaintiff to a joint tort-feasor of the individual against whom the plaintiff has obtained judgment, and the court shall so consider the question. Assuming, then, the existence of a release to one joint tort-feasor, the law is too well settled to require citation that such a release would constitute a bar to an action against another of the joint tort-feasors. Thus, the defense of release would have been available to Copolo had he defended the action brought against him.

However, whether or not this defense would be available to this defendant depends upon facts which may or might be proven on the trial and cannot be now determined. Fundamental in the law is the proposition that there may be only one satisfaction of liability imposed upon joint tort-feasors, regardless of the number of judgments against the respective defendants, and denial of the right of this defendant to plead such a release in defense would only lead to more and circuitous actions.

It follows that the defense of release should not be stricken before trial. Motion denied, with $10 costs to abide the event.

Order may be submitted accordingly.