Paul J. Widlitz, J.
Motion to dismiss the complaint pursuant to subdivision. 4 of rule 107 of the Rules of Civil Practice, on the ground “ that there is an existing decree of a court of competent jurisdiction, rendered on the merits, namely, a decree of the Surrogate of Nassau County, dated February 18, 1957, determining adversely to the plaintiff the same cause of action asserted in the complaint.”
The action is one to impress a trust on assets received by the defendant as the principal beneficiary under a will executed April 15, 1954 by Bertha C. Ludlam, the mother of the parties, and admitted to probate on February 13, 1957. The action is based upon fraud and undue influence practiced on the deceased testator.
The papers reveal that after a probate proceeding, to which the plaintiff was a party, the Surrogate admitted to probate the will of Bertha C. Ludlam, dated April 15, 1954. An appeal was taken by the plaintiff herein as a contestant therein. The Appellate Division, Second Department, affirmed the decree on December 16,1957 (Matter of Ludlam, 5 A D 2d 687).
Examination of the record on appeal reveals that the plaintiff as a contestant in the probate proceedings urged the same *739 grounds in objection to the probate of the will as she alleges in this action. A reading of the verified bill of particulars, dated June 15, 1956, in these probate proceedings recite almost verbatim the allegations contained in the complaint under consideration. On the trial (Feb. 6, 1957) her counsel stated the contestant was not ready to proceed. The Surrogate directed the trial to proceed, denying an application of the contestant’s (plaintiff’s) attorney to withdraw. After trial, the Surrogate held, “ The Court finds that the will of Bertha C. Ludlam dated April 15, 1954 was executed in accordance with the provisions of Section 21 of the Decedent Estate Law; that she was of sound mind and free from restraint at the time she executed the will.” (Case on Appeal, p. 73.) After a hearing on February 18, 1957 on a motion by the contestant to open her default, the Surrogate denied the motion.
The decree of the Surrogate is a bar to this action. That the decree was rendered on the default of the contestant does not prevent its use as a bar (Reich v. Cochran, 151 N. Y. 122; Goebel v. Iffla, 111 N. Y. 170). The plaintiff here was a party to the probate proceeding, pleaded as an objection the grounds upon which this action is based, and had an opportunity to be heard. The fact that she failed to avail herself of the opportunity to offer proof to sustain her objections does not reduce or destroy the estoppel created by the judgment. As stated in Schuylkill Fuel Corp. v. Nieberg Realty Corp. (250 N. Y. 304, 306-307): ‘£ A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first.” (Emphasis supplied.) Not only did the plaintiff herein urge the acts of the defendant as the basis for a denial of probate, but she had the right to urge such acts (Matter of Budlong, 126 N. Y. 423; Matter of Weston, 15 A D 2d 410). Accordingly, the motion is granted.