T. Paul Kane, J.
Plaintiff sustained serious injuries in an automobile accident on April 28, 1957 in the Town of Massena, New York. On April 11,1960, she commenced an action against Morel Poitras, the owner and operator of the vehicle in which she was a passenger. By letter dated October 28,1960, attorneys for plaintiff were advised by the attorneys of the General Security Insurance Company of Canada (hereinafter referred to as “ General”) that they had been directed not to appear in the action.
Thereafter on November 27, 1961, a trial was held and proof submitted on the issues of liability and damages, and on February 6, 1962, the plaintiff was awarded a sum of $160,000 less the sum of $10,000, an amount that had been paid to the plaintiff by the company insuring another automobile involved in the accident. Execution was caused to issue against the insured, a resident of Canada, and the same was returned unsatisfied on August 7,1962.
The present action, pursuant to section 167 of the Insurance Law, was commenced by service of a summons and complaint on the Commissioner of Motor Vehicles of the State of New York on or about May 21, 1963. Issue was joined on or about September 13, 1963, the material allegations of the plaintiff’s complaint were denied, and several affirmative defenses were interposed. The primary motion before the court at this time is one by the plaintiff in which she seeks summary judgment (CPLR 3212). By order to show cause plaintiff also seeks to amend her complaint to the extent that the amount demanded be increased from $10,000 to $20,000, for the reason that the plaintiff was misled by the defendant’s representatives as to the amount of coverage in the insurance policy in question.
General cross-moves for an order dismissing the plaintiff’s complaint by reason of her unreasonable neglect to proceed (CPLR 3216), or in the alternative granting summary judgment in favor of the defendant (CPLR 3212).
Section 167 (subd. 1, par. [b]) of the Insurance Law provides that ‘ ‘ in case judgment against the insured or his personal representative in an action brought to recover damages for injuries sustained or loss or damage. occasioned during the life of the policy or contract, shall remain unsatisfied at the expiration *590 of thirty days from the serving of notice of entry of judgment upon the attorney for the assured, or upon the insured, and upon the insurer, then an action may, except during a stay or limited stay of execution against the insured on such judgment, be maintained against the insurer under the terms of the policy or contract for the amount of such judgment not exceeding the amount of the applicable limit of coverage under such policy or contract.” This statutory right to sue, giving the injured person an action against the insurer, is remedial for the correction of injustice, since prior to the enactment of the statute an injured person possessed no cause of action against the insurer of the tort-feasor because of the lack of privity of contract (Jackson v. Citizens Cas. Co., 211 N. Y. 385; McNamara v. Allstate Ins. Co., 3 A D 2d 295).
Several affirmative defenses are raised by General, setting forth that the plaintiff released the defendant in the negligence action by a general release; that the accident complained of occurred through the sole negligence of the driver of the other automobile involved in the collision and through no negligence on the part of the insured defendant in the negligence action; that the Statute of Limitations had expired; that the plaintiff was not the right party in interest; that the policy of insurance did not provide for any right of recovery by a passenger; that the defendant did not receive consideration for coverage of a claim by a passenger. Which of these defenses, if any, are available to the insurer in this action by the judgment creditor? In accordance with the principle that the judgment creditor’s rights against the insurer under the policy of liability insurance are no greater than those of the insured and that provisions giving the injured person the right to sue the insurer do not enlarge the insurer’s liability but merely enable the injured person to succeed to the insured’s rights against the insurer, it is generally held that defenses good against the insured are good against the injured person (Fox v. Employers’ Liab. Assur. Corp., 243 App. Div. 325, affd. 267 N. Y. 609; Hermance v. Globe Ind. Co., 221 App. Div. 394; Killeen v. General Acc., Fire & Life Assur. Corp., 131 Misc. 691, affd. 224 App. Div. 719). Stated in another fashion, a judgment creditor seeking to enforce a policy insuring the judgment debtor against liability, stands in the shoes of the insured and can recover against the insurer only if the insured could recover under the terms of the policy (Wenig v. Glens Falls Ind. Co., 294 N. Y. 195; Fadden v. Cambridge Mut. Fire Ins. Co., 51 Misc 2d 858). On the other hand, it appears that the insurance company cannot go behind the judgment and raise defenses going to the merits of the plain *591 tiff’s claim against the driver (Manard v. Hardware Mut. Cas. Co., 12 A D 2d 29). Thus a defendant insurer cannot escape the possible applicability of the doctrines of res judicata and collateral estoppel for by virtue of an indemnitor-indemnitee relationship, the insurer is in privity with a defendant insured in the original action (Hinchey v. Sellers, 7 N Y 2d 287, 295; Fadden v. Cambridge Mut. Fire Ins. Co., supra, p. 860).
General’s relationship to the original action stems of course from the insurance contract with the insured. In section A (2) of the policy in question, the defendant herein agreed “ to defend in the name and on behalf of any person insured by this policy and at the cost of the Insurer any civil action which may at any time be brought against such person on account of such loss or damage to persons or property ”. It is undisputed that General had notice of the suit commenced against the insured on April 11, 1960. In fact the attorneys for plaintiff granted extensions of time to appear, answer or otherwise move against the complaint until October 28,1960, when the present attorneys for the insured advised that they would not appear in the action. No further action was taken by General subsequent to the unexplained disclaimer until the within action was commenced. It is clear that General had a full opportunity to defend the action, but rather made a deliberate determination not to do so. In making such a determination, the insurer failed to fulfill its obligation to defend the insured. As a matter of contract liability, it had a duty, regardless of what defenses it deemed provable, to appear in the original action and take appropriate measures to protect the insured. This it did not do and now General seeks to assert the defenses it would have raised had it not disclaimed in the original action.
Exhibit H of the moving papers of plaintiff is a certified copy of a resolution of the board of directors of General whereby it varied policies issued by it to comply with the requirements of the Motor Vehicle Financial Security Act (Vehicle and Traffic Law, art. 6) of the State of New York, thereby permitting recovery by a passenger when an accident occurred in the State of New York. The resolution was adopted by the board of directors at a meeting held on April 26, 1957, two days prior to the accident in question. The resolution contains no language which would render the policy variances effective at a future date and therefore the policies must be deemed amended as of the date the board passed the resolution, and not on the date when a certified copy of the resolution was filed with the Department of Motor Vehicles of the State of New York. Since a board of directors of a corporation must act in concert, resolu *592 tions passed by a board are effective on the date they are passed unless otherwise indicated in the resolution. The Company Law of Canada contains nothing to the contrary. (Hasten and Fraser, Company Law of Canada [áth ed.], pp. 596, 598, 599.)
The defenses that the accident occurred through the sole negligence of the driver of the other automobile and through no negligence on the part of the insured, that the Statute of Limitations had expired and that a release had been given by plaintiff to defendant insured as a matter of law are not available to the indemnitor in this action. It is estopped from relitigating the issues of negligence and contributory negligence (Manard v. Hardware Mut. Cas. Co., supra) and barred from raising the defenses of Statute of Limitations and release, which could have been raised in the original action.
The doctrine of res judicata requires that when a cause of action has been adjudicated on the merits, the parties to the action are bound by the judgment and may not relitigate the same cause of action between themselves. The cause of action is merged in the prior judgment which then acts as a bar to the maintenance of a subsequent suit on the same cause of action. The doctrine embraces all defenses as well as causes of action. The judgment in an action is conclusive upon the parties in any subsequent action involving the same cause of action or defense, both as to those matters actually litigated and those matters that might have been litigated but were not. (Pagano v. Arnstein, 292 N. Y. 326; Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304.) The doctrine has been applied to default judgments although the general rule is that a judgment on the merits for the plaintiff is required (Goebel v. Iffla, 111 N. Y. 170; Schoelles v. Uhlendorf, 34 Misc 2d 738, affd. 18 A D 2d 913).
’Collateral estoppel, on the other hand, applies only when the second cause of action is brought on a different cause of action than asserted in the first action. And furthermore, collateral estoppel applies to issues rather than to entire causes of action or defenses. The persons bound by the determinations of law and fact in a prior action are those who were parties to the action and those in privity with them (Elder v. New York & Pennsylvania Motor Express, 284 N. Y. 350; Fadden v. Cambridge Mut. Fire Ins. Co., 51 Misc 2d 858, supra; Hover v. Claverack Grange, 46 Misc 2d 113, 116).
General requests the court not to prejudice and burden it with defending an action against which the insured had a complete defense of release. It has presented to the court a general release running from the plaintiff to the insured Morel Poitras, dated August 21,1958. General relies upon the case of Moulton *593 v. Utica Mut. Ins. Co. (190 Misc. 878) in arguing that the defense of release is assertable in this action. The court is reluctant to follow the reasoning of that decision since it held that the defense of release could be asserted in the second action because it would have been available to the judgment debtor had he defended the action brought against him. The rule, however, is not that the defenses available to the insured in the original action are available to the insurer in the second action, but rather that any defense which would be valid as against the insured is available to the insurer in an action by the injured party. (Fox v. Employers’ Liab. Assur. Corp., supra.) The case of Gallo v. Montenigro (17 A D 2d 935) cited by General involved the effectiveness of a release when motions were made in the original action. While the general principles discussed therein are without question, for the reasons stated above, they do not apply to this action by the judgment creditor against the insured. This court holds that General failed to fulfill its obligations under the contract with the insured by refusing to defend the original action, and has effectively waived the defense of release as well as the other defenses cited above, despite the fact that the release appears to be valid on its face.
The courts have shown liberality in permitting amendments increasing the dollar amount of damages (Gisondi v. Town of Harrison, 16 A D 2d 929; Dimowitz v. New York City Tr. Auth., 34 Misc 2d 29) and this court chooses to adopt this approach. It appears that the limits of coverage were not known to attorneys for plaintiff, and that they may have received representations which led them to limit the amount of damages. In fact, a higher amount of coverage had been obtained by Morel Poitras, and no prejudice will result to General if it is compelled to meet the agreed coverage.
The arguments of unreasonable delay advanced by General are not significant upon review of the history of the entire matter.
The motions by plaintiff to amend her complaint and for summary judgment are granted. Cross motion by defendant is denied.