■ ALLSTATE INSURANCE COMPANY, Respondent, v ROMANITA SANTIAGO, Individually and as Mother and Natural Guardian of FRANK SANTIAGO, an Infant, Appellant, et al., Defendants. — Order, Supreme Court, Bronx County (Irwin M. Silbowitz, J.), entered on May 11, 1983, denying defendant Santiago's motion to dismiss the complaint seeking a declaratory judgment, unanimously reversed, on the law, and the complaint dismissed, with costs. This action had its genesis in a personal injury action which was commenced after the infant Frank Santiago was injured by a motor vehicle owned by defendant Sears Roebuck and Company, and driven by its employee, defendant Irizarry. Santiago alleged that Irizarry was acting within the scope of his employment, and Sears asserted in its answer that Irizarry was operating the vehicle without Sears' knowledge and consent, for a purpose not within the scope of his employment. The instant declaratory judgment action was commenced by Sears' insurer, Allstate Insurance Company, essentially to establish that the vehicle was operated by Irizarry without Sears' consent, and that Allstate is therefore not liable under the terms of the policy for the injuries sustained by Santiago. However, "the policy in this State has been to deny the declaratory judgment where the matter in dispute can be determined in the basic negligence action but to permit the action when the dispute is such that it depends on matters outside of the negligence action or will not arise in the negligence action as a part of the lawsuit." (Nationwide Mut. Ins. Co. v Dennis, 14 AD2d 188, 189; see, also, Everlast Sporting Goods Mfg. Co. v Aetna Ins. Co., 23 AD2d

641; *Cordial Greens Country Club v Aetna Cas. & Sur. Co.,* 41 NY2d 996.) The question whether Irizarry was operating the vehicle with the consent of Sears will be determined in the underlying negligence action. Accordingly, the complaint seeking a declaratory judgment should have been dismissed. Concur — Sandler, J. P., Ross, Carro, Fein and Kassal, JJ.