■ Axis Surplus Ins. Co., Appellant-Respondent, v GTJ Co., Inc., et al., Defendants, and City of New York, Respondent-Appellant. [33 NYS3d 187]—

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered June 5, 2014, which, inter alia, denied plaintiff's motion for summary judgment declaring that it had no obligation to further defend or indemnify defendant City of New York in the underlying negligence action, and denied the City's cross motion for summary judgment declaring that plaintiff is obligated to continue its defense of the City and to indemnify it in the underlying action, unanimously modified, on the law, to grant the City's cross motion to the extent of declaring that plaintiff has a duty to defend the City in the underlying action and, otherwise affirmed. The Clerk is directed to enter judgment accordingly.

In this action, plaintiff seeks a declaration that it has no obligation to defend the City in the underlying personal injury action brought by defendant Bronislava Bari. Plaintiff seeks to be relieved of its duty to defend and indemnify the City, arguing that the location where Bari fell was not in an area that plaintiff's insured, defendant GTJ Co., Inc d/b/a Shelter Express was responsible for maintaining. The City seeks, at the very least, to maintain the status quo, and to have plaintiff continue defending it.

Under the circumstances presented, the City's cross motion is granted to the extent of declaring that plaintiff is obligated to defend it in the underlying litigation. The duty of an insurer to provide a defense for its insured is "exceedingly broad," arising "whenever the allegations of the complaint suggest . . . a reasonable possibility of coverage" (*Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d 34, 37 [2010] [internal quotation marks omitted]). Accordingly, "a liability insurer has a duty to defend its insured in a pending lawsuit if the pleadings allege a covered occurrence," even if

"facts outside the four corners of those pleadings indicate that the claim may be meritless or not covered" (*Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 63 [1991]). Thus, an insurer may be contractually bound to defend "even though it may not ultimately be bound to pay, either because its insured is not factually or legally liable or because the occurrence is later proven to be outside the policy's coverage" (*id.* at 65).

Here, the four corners of the complaint in the underlying action place the allegations squarely within the responsibilities of plaintiff's insured, triggering the duty to defend. Plaintiff's primary argument, that the accident was not within its insured's area of responsibility, is properly made to Supreme Court in a motion for summary judgment dismissing Bari's complaint or at trial and cannot be resolved by this Court on a motion seeking declaratory relief (*see Allstate Ins. Co. v Santiago*, 98 AD2d 608 [1st Dept 1983]). It is after the resolution of that action where the extent of plaintiff's indemnification obligations can be fully determined (*see Sturges Mfg. Co. v Utica Mut. Ins. Co.*, 37 NY2d 69, 74 [1975]). Concur—Friedman, J.P., Acosta, Saxe, Gische and Webber, JJ.