American States Ins. Co. v Graphic Arts Mut. Ins. Co. (2021 NY Slip Op 02485)





American States Ins. Co. v Graphic Arts Mut. Ins. Co.


2021 NY Slip Op 02485


Decided on April 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 27, 2021

Before: Gische, J.P., Kern, Mazzarelli, Kennedy, JJ. 


Index No. 651372/18 Appeal No. 13682 Case No. 2020-03347 

[*1]American States Insurance Company et al., Plaintiffs-Respondents,
v
Graphic Arts Mutual Insurance Company et al., Defendants, Nova Casualty Company, Defendant-Appellant.


Herzfeld & Rubin, P.C., New York (Howard S. Edinburgh of counsel), for appellant.
Jaffe & Asher LLP, White Plains (Marshall T. Potashner of counsel), for respondents.



Order, Supreme Court, New York County (Debra A. James, J.), entered on or about March 16, 2020, which to the extent appealed from as limited by the briefs, granted the motion for partial summary judgment of plaintiffs American States Insurance Company (American States) and General Insurance Company of America (General) and declared that defendant Nova Casualty Company (Nova) is obligated to defend New York Ready Mix, Inc. (Ready Mix) in the underlying action, unanimously affirmed, without costs.
The duty of an insurer to provide a defense for its insured is "exceedingly broad" arising "whenever the allegations of the complaint suggest . . . a reasonable possibility of coverage" (Axis Surplus Ins. Co. v GTJ Co., Inc., 139 AD3d 604, 604 [1st Dept 2016]). Accordingly, "a liability insurer has a duty to defend its insured in a pending lawsuit if the pleadings allege a covered occurrence," even if "facts outside the four corners of those pleadings indicate that the claim may be meritless or not covered" (id. at 604-605).
The allegations of the amended complaint in the underlying action alleged that "illegal discharges" causing property damage and other injuries, "were caused, in part, by Commercial Concrete and Ready Mix concrete mixing trucks [being] washed out at or near their facilities," which gave rise to a reasonable possibility that the claim involves autos owned, hired, or borrowed by Commercial Concrete and/or Ready Mix or that Ready Mix was a permissive user of these vehicles (see Schaible v Transportation Ins. Co., 1999 WL 33452690, *2 [Mich App 1999]; Hudson Riv. Concrete Prods. Corp. v Callanan Rd. Improvement Co., 5 AD2d 49, 51-52 [3d Dept 1957]). Even if the extrinsic evidence presented by Nova refutes any allegation that Ready Mix was an owner or permissive user of the subject trucks (Northville Indus. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 89 NY2d 621, 635 [1997]), the amended complaint in the underlying action nonetheless alleged that the "process of washing out concrete mixing trucks at or near the facilities of Commercial Concrete and NY Ready Mix" created a mixture of water and concrete which flowed into catch basins or manholes, and Commercial Concrete's discovery response asserted that "the truck (wash) out areas are not part of Commercial Concrete Corp's facilities, but are part of New York Ready Mix, Inc., facilities,'" which were sufficient to trigger Nova's duty to defend based on Ready
Mix's vicarious liability for nuisance (see Port Auth. of N. Y. & N. J. v Brickman Group Ltd., LLC, 181 AD3d 1, 20 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2021