Ace Am. Ins. Co. v Consolidated Edison Co. of N.Y. Inc. (2024 NY Slip Op 03453)

Ace Am. Ins. Co. v Consolidated Edison Co. of N.Y. Inc.

2024 NY Slip Op 03453

Decided on June 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 25, 2024

Before: Kern, J.P., Singh, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 655323/20 Appeal No. 2548 Case No. 2022-04063 

[*1]Ace American Insurance Company, Appellant-Respondent,
v
Consolidated Edison Company of New York Inc., Respondent-Appellant, The City of New York, Defendant-Respondent.

Robinson & Cole LLP, New York (Erica J. Kerstein of counsel), for appellant-respondent.
Wilder & Linneball, LLP, Buffalo (Laura A. Linneball of counsel), for respondent-appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered August 4, 2022, which, insofar as appealed from as limited by the briefs, denied plaintiff's summary judgment motion for a declaration that it has no duty to defend defendants in the underlying personal injury action filed against them and that it is entitled to recoup any defense costs expended in that defense, and granted defendants' cross-motions for summary judgment in part to the extent of declaring defendants entitled to defense coverage in the underlying action and to recover the attorneys' fees incurred in the underlying and instant actions while denying defendant Consolidated Edison Company of New York, Inc.'s request for a declaration that plaintiff is obligated to indemnify it in connection with the underlying action, unanimously affirmed, without costs.
Supreme Court properly ruled on the motions and cross-motions concerning whether plaintiff insurer has a continuing duty to defend defendants in the underlying personal injury action and a right to recoup its defense expenditures. Plaintiff's evidence goes to the merits of the underlying action, which cannot be resolved in this action for declaratory judgment (see Axis Surplus Ins. Co. v GTJ Co., Inc., 139 AD3d 604, 605 [1st Dept 2016]; City of New York v Liberty Mut. Ins. Co., 2017 WL 4386363, *15, 2017 US Dist LEXIS 164134, *45-48 [SD NY, Sept. 28, 2017, No. 15 Civ. 8220 (AJN)]; see also Harleysville Ins. Co. v United Fire Protection, Inc., 227 AD3d 499 [1st Dept 2024]). In any event, plaintiff has not established that there is no reasonable possibility that defendants are entitled to coverage as additional insureds under the policy in the underlying action. In contrast, defendants have established that the duty to defend was triggered and that there is no present basis for withdrawing it (see First Mercury Ins. Co. v Preferred Contrs. Ins. Co. Risk Retention Group, LLC, 190 AD3d 586, 586 [1st Dept 2021]).
The court correctly rejected Con Edison's argument that it is entitled, as in General Acc. Ins. Co. of Am. v Metropolitan Steel Indus. Inc. (9 AD3d 254 [1st Dept 2004]), to a declaration of plaintiff's obligation to indemnify it in the underlying action because plaintiff is estopped from arguing otherwise. Plaintiff's initial letter conditionally accepting the defense tender did not explicitly use the phrase "reservation of rights." However, the language accepting the tender "based upon the currently known facts," limited to its obligations as an additional insurer, "subject to the terms, conditions, exclusions and endorsements of the Policy," and specifically reciting the additional insured endorsement, was sufficient to have put defendants on notice that the acceptance of the tender was subject to a reservation of the right to later disclaim coverage upon a further investigation showing that there was no basis for the additional insured coverage. To the extent Con Edison raises issues as to the timeliness of plaintiff's [*2]disclaimer, this is a "question of fact, dependent on all of the circumstances of [the underlying] case that make it reasonable, or unreasonable, for [Ace] to investigate coverage" (see Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co., 27 AD3d 84, 88 [1st Dept 2005]).
The court properly held that defendants are entitled to attorneys' fees and costs.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2024