■ DIANE RAMIREZ, Appellant, v REGINALD SMITH et al., Respondents.—In an action, *inter alia,* to recover damages for breach of contract for failure to provide heat to certain leased commercial premises, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered October 23, 1985, which, after a nonjury trial, *inter alia,* dismissed the complaint and ordered that the plaintiff be evicted from the premises. By order dated March 2, 1987, this court held the appeal in abeyance and directed the appellant to file a proper appendix pursuant to CPLR 5528 and 22 NYCRR 670.17. The appellant has complied.

Ordered that the judgment is affirmed, with costs.

The Riverhead Community Service Center (hereinafter RCSC) was an unincorporated association. On January 15, 1980, the plaintiff, Diane Ramirez, who was at all relevant times the president of RCSC, allegedly entered into a lease for space at 76 West Main Street, Riverhead (hereinafter the premises) with J. Leo Saxstien, one of the group of trustees who ran the premises. Saxstien died in December 1980. The present action arises out of the defendants' obligation to provide heat to the premises pursuant to the lease. In their answer, the defendants, *inter alia,* denied the validity of the lease and demanded possession of the premises.

The plaintiff contends that the trial court erred by striking the lease and the plaintiff's testimony regarding the transaction with Saxstien pursuant to CPLR 4519 (the Dead Man's Statute). We do not agree *(see, Friedrich v Martin,* 294 NY 588). In any event, the defendants presented ample testimony, including that of two expert witnesses who testified that Saxstien's signature was forged, which established that the lease was not authentic. Thus, any error was harmless *(see, Matter of Lefft,* 44 NY2d 915).

The plaintiff's contention that the scope of the judgment exceeded the court's oral decision is without merit. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.