■ DIANE RAMIREZ, Individually and as President of the Riverhead Community Service Center, Appellant, v REGINALD SMITH et al., as Trustees of Suffolk County National Bank, Respondents.—In an action to recover damages for breach of a covenant to provide heat contained in a lease of certain commercial premises, in which the defendants counterclaimed for a judgment declaring that the plaintiff has no valid leasehold on the premises, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated June 3,

1988, which denied her motions (1) to vacate a warrant of eviction, and (2) to stay enforcement of a prior judgment of the same court, entered October 23, 1985, which declared that she had no valid lease.

Ordered that the order is affirmed, with costs.

In a judgment entered October 23, 1985, the Supreme Court, Suffolk County (Gerard, J.), declared that the plaintiff had no right to possess the premises located at 76 West Main Street, Riverhead, New York. That judgment included a provision which commanded the Sheriff of Suffolk County "immediately upon receipt of a certified copy of [the] judgment to enter upon the premises * * * and to remove and eject therefrom [the] plaintiffs * * * and to put [the] defendant into possession." This judgment has never been vacated or modified, and was affirmed by this court in 1987 (see, Ramirez v Smith, 133 AD2d 104). Thus, it remains in full force.

The plaintiff, or persons associated with the institution she represents, managed to delay court-ordered eviction by making repeated ex parte applications in both State and Federal courts. On February 29, 1988, this court vacated one such ex parte order, denied a motion for a stay, and authorized the record owner of the subject premises to "take any further action necessary to effectuate the plaintiff's removal from the subject premises". This order has also never been vacated or modified, and, thus, remains in full force.

In the face of the foregoing mandates, the attorney for the plaintiff argues that the eviction, which finally occurred on March 22, 1988, was "carried out without valid court order". The plaintiff seeks to vacate the previously executed warrant of eviction and to restore herself to possession. The Supreme Court denied the plaintiff's application.

The instant motions are only the latest episode in what the defense counsel accurately characterizes as a "pattern of abuse". The plaintiff in effect requested that the Supreme Court make an order which would have directly controverted the terms of a prior order of this court. Had the Supreme Court granted this frivolous application, the result would not have been a mere violation of the "law of the case", a doctrine which applies during the pendency of an action between Judges of coordinate jurisdiction; rather, the result would have been a violation of the binding authority of the order of this court dated February 29, 1988. Bracken, J. P., Brown, Kunzeman and Kooper, JJ., concur.