■ JACK S. DWECK et al., Appellants, v FRIEDLANDER GROUP, INC., Respondent, et al., Defendant. [841 NYS2d 682]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Rudolph, J.), entered January 23, 2007, which granted the motion of the defendant Friedlander Group, Inc., for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against the defendant Friedlander Group, Inc., is denied.

In or about August 1996 the plaintiffs Jack S. Dweck and Harvey Sladkus, doing business as Omni Properties, requested, inter alia, that the defendant Friedlander Group, Inc. (hereinafter the defendant), obtain insurance for certain of their properties. Thereafter, an electrical fire at one of the properties caused significant damage. Due to the liquidation of the insurance company with which the defendant had placed the risk, the plaintiffs recovered only a portion of the alleged loss that they sustained.

The plaintiffs then commenced this action, alleging, inter alia, that the defendant breached its purported oral agreement with the plaintiffs by failing to place the risk with an "A-rated" company and not assisting in the adjustment of their claim regarding the fire. Subsequently, the defendant moved for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against it. The Supreme Court granted the defendant's motion. We reverse.

The Supreme Court improperly granted the defendant's mo-

tion since the defendant failed to establish its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). As the defendant's own submissions established, questions of fact exist with respect to whether the parties entered into an oral agreement and, if so, the terms of such agreement. Given the defendant's failure to establish its prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiffs' submissions in opposition to the motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

In light of our determination, we need not address the parties' remaining contentions. Schmidt, J.P., Santucci, Krausman and McCarthy, JJ., concur.