223 Sam, LLC v 223 15th St., LLC (2022 NY Slip Op 06224)

223 Sam, LLC v 223 15th St., LLC

2022 NY Slip Op 06224

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2019-13907
 (Index No. 602838/16)

[*1]223 SAM, LLC, et al., appellants,
v
223 15th Street, LLC, et al., respondents.

Jules A. Epstein, P.C., Jericho, NY, for appellants.
Gallet Dreyer & Berkey, LLP, New York, NY (Morrell I. Berkowitz of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered November 25, 2019. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging breach of contract, breach of fiduciary duty, and promissory estoppel, and for specific performance, and, in effect, for summary judgment declaring that the plaintiff 223 SAM, LLC, was not a 50% owner of the defendant 223 15th St, LLC, and that the plaintiffs were not the managers of a parcel of property.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging breach of contract, breach of fiduciary duty, and promissory estoppel, and for specific performance, and, in effect, for summary judgment declaring that the plaintiff 223 SAM, LLC, was not a 50% owner of the defendant 223 15th St, LLC, and that the plaintiffs were not the managers of a parcel of property are denied.
The defendant 223 15th St, LLC (hereinafter 223 15th St), was the fee owner of a parcel of property located on 15th Street in Brooklyn. The defendant MAG 2011 Trust (hereinafter the trust) was the sole member and 100% owner of 223 15th St at the time the property was purchased. The defendants Manuel Goldschmidt and Viviana Goldschmidt are trustees of the trust. 223 15th St had an operating agreement dated January 24, 2013. In 2014, the parties entered into negotiations to amend the operating agreement (hereinafter the agreement) to add the plaintiff 223 SAM, LLC (hereinafter 223 SAM), as a 50% owner of 223 15th St and to have the plaintiff Aaron Wexler and 223 SAM manage the property. The amendment to the agreement was drafted, but never signed.
The plaintiffs commenced this action, inter alia, to recover damages for breach of contract, alleging that in furtherance of the agreement, they undertook the management responsibilities for the property and expended money. The plaintiffs asserted that the defendants interfered with the plaintiffs' management, denied 223 SAM's status as a 50% member of 223 15th St, and denied the plaintiffs' status as sole managers of the property. The defendants moved, among other things, for summary judgment dismissing the complaint, arguing that the agreement was not [*2]binding. The Supreme Court granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging breach of contract, breach of fiduciary duty, and promissory estoppel, and for specific performance, and, in effect, for summary judgment declaring that 223 SAM was not a 50% owner of 223 15th St and that the plaintiffs were not the managers of the property. The plaintiffs appeal.
The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach (see Gawrych v Astoria Fed. Sav. & Loan, 148 AD3d 681; Meyer v North Shore-Long Is. Jewish Health Sys., Inc., 137 AD3d 878, 879). Here, in support of that branch of their motion which was for summary judgment dismissing the cause of action alleging breach of contract, the defendants failed to establish their prima facie entitlement to judgment as a matter of law as they failed to eliminate triable issues of fact as to whether the parties had a binding agreement. In support of their motion, the defendants submitted, inter alia, transcripts of the parties' deposition testimony, which provided differing accounts regarding the existence of an agreement, and emails, which had been exchanged between the parties and their respective attorneys. The evidence submitted by the defendants failed to eliminate triable issues of fact as to whether the parties had agreed upon the major terms of the agreement and whether the parties began to perform the agreement. As such, they failed to establish, prima facie, that the parties had not reached an agreement (see Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439; Flores v Lower E. Side Serv. Ctr. Inc., 4 NY3d 363). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, that branch of their motion which was for summary judgment dismissing the cause of action alleging breach of contract should have been denied regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
For the same reasons, the defendants were not entitled to summary judgment dismissing the causes of action alleging breach of fiduciary duty and promissory estoppel, and for specific performance, and summary judgment declaring that 223 SAM was not a 50% owner of 223 15th St and that the plaintiffs were not the managers of the property, as these causes of action are dependent upon the resolution of the triable issues of fact described above. Accordingly, the Supreme Court should have denied those branches of the defendants' motion, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
DUFFY, J.P., MALTESE, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court