Waldorf v Waldorf (2023 NY Slip Op 06400)

Waldorf v Waldorf

2023 NY Slip Op 06400

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
BARRY E. WARHIT, JJ.

2021-08659
 (Index No. 607959/20)

[*1]Pamela J. Waldorf, et al., appellants, 
v
William G. Waldorf, et al., respondents.

Law Offices of Gabriele A. Burner, PLLC, Mt. Sinai, NY, for appellants.
Spizz & Cooper, LLP, Mineola, NY (Harvey W. Spizz and Theresa M. McSweeney of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated October 20, 2021. The order, in effect, granted that branch of the defendants' motion which was, in effect, for summary judgment dismissing so much of the cause of action to recover damages for breach of contract as was predicated upon a failure to transfer a particular life insurance policy to the plaintiffs.
ORDERED that the order is reversed, on the law, with costs, and that branch of the defendants' motion which was, in effect, for summary judgment dismissing so much of the cause of action to recover damages for breach of contract as was predicated upon a failure to transfer a particular life insurance policy to the plaintiffs is denied.
In June 2020, the plaintiffs, Pamela J. Waldorf and Ecirava, Inc., commenced this action, inter alia, to recover damages for breach of contract against the defendants William G. Waldorf and Stephen M. Waldorf, as well as the defendants Waldorf Servicing, LLC, Waldorf Special Risk, LLC, and Waldorf Risk Solutions, LLC (hereinafter, collectively, the Waldorf Entities and, collectively, with William G. Waldorf and Stephen M. Waldorf, the defendants). The plaintiffs alleged, inter alia, that the defendants failed to meet their obligations under an agreement they had entered into with the plaintiffs in June 2014. As is relevant to the appeal, the terms of the agreement required the defendants to transfer a life insurance policy owned by the Waldorf Entities in the name of Pamela J. Waldorf to the plaintiffs.
The defendants moved, inter alia, in effect, for summary judgment dismissing so much of the cause of action to recover damages for breach of contact as was predicated upon a failure to transfer the life insurance policy. In an order dated October 20, 2021, the Supreme Court, in effect, granted that branch of the motion. The plaintiffs appeal.
A party seeking summary judgment bears the initial burden of demonstrating its prima facie entitlement to the requested relief (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 559). Only if that burden is met does the burden then shift to the party opposing summary judgment to tender evidence, in a form admissible at trial, [*2]sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d at 562). The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach (see 233 SAM, LLC v 223 15th St., LLC, 210 AD3d 733, 735).
Here, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment as the defendants failed to establish their prima facie entitlement to judgment as a matter of law. The defendants' submissions in support of their motion failed to eliminate triable issues of fact as to whether they fulfilled their obligations under the agreement (see id. at 735; MZM Corp. v Iwaszkiewicz, 66 AD3d 746, 746). The defendants never attested to transferring the life insurance policy to the plaintiffs as required by the agreement, nor did they provide any evidence that the life insurance policy was transferred. Moreover, the defendants' own submissions indicated that the transfer had not been accomplished (see Dweck v Friedlander Group, Inc., 43 AD3d 854, 855).
The defendants' remaining contentions are without merit.
As the defendants failed to meet their prima facie burden, the sufficiency of the plaintiffs' opposition papers need not be addressed (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
DUFFY, J.P., BRATHWAITE NELSON, CHAMBERS and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court