Fox v Nocella (2025 NY Slip Op 06848)

Fox v Nocella

2025 NY Slip Op 06848

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2022-03717
 (Index No. 605201/20)

[*1]Matthew Fox, appellant, 
v
Michael P. Nocella, et al., respondents.

McGiff Halverson Dooley LLP, Patchogue, NY (Robert S. Dooley of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendants breached a covenant not to compete, the plaintiff appeals from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated April 19, 2022. The order, insofar as appealed from, granted that branch of the defendants' cross-motion which was, in effect, for summary judgment dismissing the complaint and declaring that the defendants did not breach the covenant not to compete.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' cross-motion which was, in effect, for summary judgment dismissing the complaint and declaring that they did not breach the covenant not to compete is denied.
In August 2018, the plaintiff entered into an agreement with the defendant Michael P. Nocella whereby the plaintiff purchased an Allstate Insurance Agency (hereinafter the Agency), located in Ronkonkoma, from Nocella. The agreement contained a covenant not to compete which prohibited Nocella from engaging "in any business in the securities or insurance industries" "within five (5) miles" of the Agency (hereinafter the proximity language) for a period of five years (hereinafter the noncompete agreement). In March 2020, the plaintiff commenced this action, inter alia, for a judgment declaring that the defendants breached the noncompete agreement, alleging, among other things, that Nocella breached the noncompete agreement by opening and operating a new insurance business, the defendant Main St. Agency, Inc. (hereinafter Main St.), within five miles of the Agency.
Thereafter, the plaintiff made two motions, inter alia, for a preliminary injunction enjoining the defendants from selling insurance within five miles of the Agency's address in Ronkonkoma. The defendants opposed the motions, contending, among other things, that the distance between the Agency and Main St. was five miles utilizing the highways as the most direct and fastest route. In an order dated June 28, 2021 (hereinafter the June 2021 order), the Supreme Court, inter alia, denied those branches of the plaintiff's motions which were for a preliminary injunction.
In October 2021, the defendants cross-moved, among other things, in effect, for summary judgment dismissing the complaint and declaring that they did not breach the noncompete [*2]agreement. The defendants contended, inter alia, that the complaint should be dismissed based upon the doctrine of law of the case, because the June 2021 order had decided the issue of interpretation of the proximity language in the noncompete agreement. In an order dated April 19, 2022, the Supreme Court, among other things, granted that branch of the defendants' cross-motion. The court stated that it had "addressed and dismissed" the plaintiff's argument in the June 2021 order, and the plaintiff "ha[d] not shown or alluded to newly discovered evidence or other sufficient cause necessary to oppose an award of summary judgment." The plaintiff appeals.
The doctrine of law of the case only applies "to legal determinations that were necessarily resolved on the merits in [a] prior decision, and to the same questions presented in the same case" (Newrez, LLC v City of Middletown, 216 AD3d 655, 656 [internal quotation marks omitted]; see Foley v Foley, 190 AD3d 953, 955). "[A] preliminary injunction is a provisional remedy and a decision concerning a preliminary injunction does not become the law of the case, nor would it constitute an adjudication on the merits so as to preclude reconsideration of that issue at a trial on the merits" (Icy Splash Food & Beverage, Inc. v Henckel, 14 AD3d 595, 596 [internal quotation marks omitted]; see Town of Concord v Duwe, 4 NY3d 870, 875; Newrez, LLC v City of Middletown, 216 AD3d at 656). Here, in the June 2021 order, the court only held that the defendants' interpretation of the proximity language in the noncompete agreement was "a reasonable interpretation" that "weigh[ed] against the [p]laintiff's likelihood of success on the merits." As such, the June 2021 order was not a determination on the merits of the issue of the interpretation of the proximity language. Further, in view of the limited arguments raised on appeal, the issue of the interpretation of the proximity language is not currently before us.
In support of that branch of their cross-motion which was, in effect, for summary judgment dismissing the complaint and declaring that they did not breach the noncompete agreement, the defendants failed to establish, prima facie, that Nocella did not breach the terms of the noncompete agreement (see Waldorf v Waldorf, 222 AD3d 807, 809). Among other things, the defendants failed to submit sufficient evidence establishing the distance between the Agency and Main St. Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied that branch of the defendants' cross-motion which was, in effect, for summary judgment dismissing the complaint and declaring that they did not violate the noncompete agreement, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., CHAMBERS, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court