Chestnut Bay Equestrian, Inc. v Irrevocable Trust of Jean Pizzirusso (2025 NY Slip Op 07276)

Chestnut Bay Equestrian, Inc. v Irrevocable Trust of Jean Pizzirusso

2025 NY Slip Op 07276

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2024-00631
 (Index No. 615266/21)

[*1]Chestnut Bay Equestrian, Inc., appellant,
v
Irrevocable Trust of Jean Pizzirusso, respondent.

Turturro Law, P.C., Staten Island, NY (Natraj S. Bhushan of counsel), for appellant.
Blodnick, Fazio & Clark, Babylon, NY (Steven M. Fink of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Elizabeth Hazlitt Emerson, J.), dated October 6, 2023. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on its causes of action to recover damages for breach of contract, for specific performance, and for declaratory relief.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2021, the plaintiff commenced this action, inter alia, to recover damages for breach of contract for the sale of real property, for specific performance of the contract, and for declaratory relief. The defendant interposed an answer in which it asserted various affirmative defenses, including that the contract was void due to fraud in its execution. The plaintiff moved for summary judgment on the causes of action to recover damages for breach of contract, for specific performance, and for declaratory relief. By order dated October 6, 2023, Supreme Court, among other things, denied the plaintiff's motion.
"The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (223 SAM, LLC v 223 15th St., LLC, 210 AD3d 733, 734-735; Gawrych v Astoria Fed. Sav. & Loan, 148 AD3d 681, 683). "'To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms . . . . Generally, courts look to the basic elements of the offer and acceptance to determine whether there is an objective meeting of the minds sufficient to give rise to a binding and enforceable contract'" (Petkanas v Petkanas, 191 AD3d 708, 710 [internal quotation marks omitted], quoting 1912 Newbridge Rd., LLC v Liantonio, 172 AD3d 962, 963-964).
Here, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on the cause of action to recover damages for breach of contract. In support of its motion, the plaintiff submitted, inter alia, an affidavit of its principal and the contract, which was executed by the defendant's former trustee. Initially, the Supreme Court did not err by disregarding the portion of the affidavit of the plaintiff's principal setting forth her communications with the [*2]defendant's former trustee, who died following the commencement of this action. The plaintiff's principal is clearly an interested person within the meaning of CPLR 4519 and, therefore, could not testify to her communications with the deceased former trustee of the defendant (see id. § 4519; Slocum Realty Corp. v Schlesinger, 162 AD3d 939, 945; Ramirez v Smith, 133 AD2d 104, 105). Moreover, the contract contained several handwritten alterations allegedly agreed to by the defendant's former trustee which the defendant had contended in its answer were neither written in by its former trustee nor agreed to by him. Accordingly, the plaintiff failed to eliminate triable issues of fact as to whether the parties had agreed to the material terms of the contract. Since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on the cause of action to recover damages for breach of contract, the court properly denied that branch of the plaintiff's motion regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
For the same reasons, the plaintiff was not entitled to summary judgment on the causes of action for specific performance and declaratory relief (see 223 SAM, LLC v 223 15th St., LLC, 210 AD3d at 735; Plainview Props. SPE, LLC v County of Nassau, 181 AD3d 731, 734).
CONNOLLY, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court