Zormati v Citibank, N.A. (2026 NY Slip Op 01821)

Zormati v Citibank, N.A.

2026 NY Slip Op 01821

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
SUSAN QUIRK, JJ.

2023-08884
 (Index No. 706320/20)

[*1]Bedis Zormati, appellant, 
vCitibank, N.A., et al., respondents.

Fedrizzi & Associates, P.C., White Plains, NY (Linda F. Fedrizzi of counsel), for appellant.
Bryan Cave Leighton Paisner LLP, New York, NY (Noah M. Weissman and Laith J. Hamdan of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered August 29, 2023. The order granted the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed, with costs.
In January 2006, the plaintiff obtained a loan from the defendant Citibank, N.A. (hereinafter Citibank). The loan was secured by a mortgage on property located in Queens, which was recorded on January 27, 2006 (hereinafter the Citibank mortgage). Subsequently, U.S. Bank National Association (hereinafter U.S. Bank) purportedly recorded a mortgage on the subject property. In December 2015, U.S. Bank commenced an action to foreclose its mortgage and named Citibank, among others, as a defendant in the action, but did not name the plaintiff as a defendant.
Thereafter, in June 2020, the plaintiff commenced this action, inter alia, to recover damages for breach of contract, alleging that Citibank, which defaulted in the foreclosure action, breached the loan agreement by failing to provide the plaintiff with notice of the foreclosure action or defend the priority of the Citibank mortgage. The defendants moved for summary judgment dismissing the amended complaint. In an order entered August 29, 2023, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from that breach" (223 SAM, LLC v 223 15th St., LLC, 210 AD3d 733, 734-735). "[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162). "Where the parties' agreement is before the court in a breach of contract action, 'its provisions establish the rights of the parties and prevail over conclusory allegations of the complaint'" (Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d 124, 132, quoting 805 Third Ave. Co. v M.W. Realty Assoc., 58 NY2d 447, 451). "Indeed, the [*2]interpretation of an unambiguous contract is a question of law for the court" (id. [internal quotation marks omitted]).
Here, the defendants established, prima facie, that they did not breach the loan agreement, as a plain reading of the loan agreement submitted by the defendants demonstrated that they were not required to provide notice of the foreclosure action or defend the priority of the Citibank mortgage (see Ramcharan v Beach 20th Realty, LLC, 94 AD3d 964, 967). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
"In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance" (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153). "The implied covenant of good faith and fair dealing is a pledge that neither party to the contract shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruit of the contract, even if the terms of the contract do not explicitly prohibit such conduct" (Gutierrez v Government Empls. Ins. Co., 136 AD3d 975, 976; see Dalton v Educational Testing Serv., 87 NY2d 384, 389). "The duty of good faith and fair dealing, however, is not without limits, and no obligation can be implied that would be inconsistent with other terms of the contractual relationship" (Dalton v Educational Testing Serv., 87 NY2d at 389 [internal quotation marks omitted]).
Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for breach of the implied covenant of good faith and fair dealing by submitting evidence that established that they did not withhold the benefits of, or seek to prevent the performance of, the loan agreement (see Rayham v Multiplan, Inc., 153 AD3d 865, 868). In opposition, the plaintiff failed to raise a triable issue of fact.
The defendants also demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for negligence. "A simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" (Rosner v Bankers Std. Ins. Co., 172 AD3d 1257, 1259; see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389). In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether the defendants violated a legal duty independent of the contract (see Rosner v Bankers Std. Ins. Co., 172 AD3d at 1259; see also Rakylar v Washington Mut. Bank, 51 AD3d 995, 996).
The parties' remaining contentions are either without merit or not properly before this Court.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the amended complaint.
BARROS, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court